Harris L. Jackson v. Commissioner.
Jackson v. Commissioner
Docket No. 1827-69 SC.
United States Tax Court
T.C. Memo 1970-227; 1970 Tax Ct. Memo LEXIS 133; 29 T.C.M. (CCH) 980; T.C.M. (RIA) 70227; August 6, 1970, Filed. Harris L. Jackson, pro se, 4618 Humboldt Ave. N., Minneapolis, Minn. Robert J. Murray, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $132.88 in petitioner's Federal income tax for the year 1967. The two issues for decision are (1) whether petitioner is entitled to a casualty loss deduction in 1967 for damage to his automobile 981 and (2) whether petitioner may deduct as a business expense the cost of certain work clothes and shoes. Findings of Fact Harris L. Jackson (herein called petitioner) *134 was a legal resident of Minneapolis, Minnesota, at the time he filed his petition in this proceeding. He filed his individual Federal income tax return for the year 1967 with the district director of internal revenue at St. Paul, Minnesota. In 1967 petitioner was involved in an automobile accident which totally wrecked his car. Petitioner was uninsured, but he filed suit against the other driver and his insurance company for $500 in property damage and $25,000 for personal injury. That suit is still pending. During 1967 petitioner was employed by an electrical contractor. In that year the petitioner spent about $75 for three pairs of insulated coveralls and about $29 for two pairs of insulated work shoes. In the course of his work petitioner was required to be outside in temperatures of 20 degrees below zero. The coveralls were bulky, utilitarian in fashion, and unsuitable for personal use. Petitioner wors the work shoes to and from work. The shoes were suitable for personal use in Minnesota's winter weather. Petitioner claimed deductions on his 1967 Federal income tax return of $500 for the loss of his automobile and $104 for the cost of the work clothes and shoes. The claimed *135 deductions were disallowed by respondent. Opinion 1. Claimed casualty loss. Under section 165, Internal Revenue Code of 1954, no loss is allowable unless actually sustained during the taxable year. Where there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss is sustained until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Section 1.165-1(d) (2)(i), Income Tax Regs.; and see Louis Gale, 41 T.C. 269 (1963). Thus, where the taxpayer has filed a suit for damages, there is usually a reasonable prospect of recovery, and no loss is allowable while the suit is pending. Section 1.165-1(d)(2)(i), Income Tax Regs. In this case the petitioner has a damage suit pending. Until that suit is concluded or abandoned, the extent of his loss, if any, cannot be ascertained with reasonable certainty. Consequently, the claimed casualty loss deduction was properly disallowed by respondent. 2. Work clothes and shoes. To be deductible as an ordinary and necessary business expense under section 162(a), Internal Revenue Code *136 of 1954, clothing must be required or essential for employment and unsuitable for general or personal wear. Jerome Mortrud, 44 T.C. 208 (1965); Betsy Lusk Yeomans, 30 T.C. 757 (1958). Petitioner produced his coveralls at trial. Having seen them, we are satisfied that they were essential for his outdoor work and unsuitable for general or personal outdoor wear. Petitioner in fact kept them in his locker at work. But the shoes, while essential to his work, were also suited to informal personal use. Accordingly, petitioner is entitled to a deduction of only $75 for the work clothes. To reflect the conclusions reached herein, Decision will be entered under Rule 50.